**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

NUBIAN AMON RA,

        Plaintiff,

vs.

COCHISE COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.

No. CV 06-470-TUC-CKJ

**ORDER**

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 127) on the claims contained in Plaintiff's Consolidated Amended Complaint for Damages (herein "Fourth Amended Complaint") (Doc. 80) and Defendants' Motion to Strike Portions of Plaintiff's Affidavit (Doc. 144). Plaintiff has filed responses to both motions and Defendants have filed replies. Oral argument was heard before the Court on August 13, 2012. For the reasons listed below, Defendants' Motion to Strike and Motion for Summary Judgment will be granted.

*Factual and Procedural Background*

On April 5, 2005 Sergeant Forest Hauser ("Hauser") stopped Darius Dequan Johnson ("Johnson") during a traffic stop. Defense Statement of Facts ("DSOF"), Ex. 1. During this traffic stop, Johnson fled from Hauser on foot and was chased by Hauser, Lieutenant Mark Dannels ("Dannels"), and Sergeant Thad Smith ("Smith"). Dannels observed Johnson jump

1 the fence onto the property at 303 N. 2nd Street. *Id*. Plaintiff Amon Ra ("Amon Ra") lives
2 at 303 N. 2nd Street in Sierra Vista, Arizona. *Id*. Cochise County Sheriff's Department
3 ("Sheriff's Department") deputies secured the perimeter of the house while Hauser sought
4 permission from Amon Ra to search the residence for Johnson. *Id*. Amon Ra told Hauser
5 that Johnson was not there and the only people present in the house were his children. *Id*.
6 Amon Ra refused to let Hauser, Dannels, or Smith inside his house to search for Johnson
7 without a search warrant. *Id*.

8 Hauser obtained a search warrant for Amon Ra's house; when Hauser and Dannels
9 returned to the residence, Sergeant Mark Genz ("Genz") informed Hauser that Amon Ra had
10 left with his children in a vehicle. *Id*. Soon thereafter, members of the Sheriff's Department,
11 armed with the warrant, called out for Johnson; Johnson exited the residence and was taken
12 into custody. *Id*. Amon Ra was not present during the execution of the search warrant. *Id*.

13 On September 8, 2005 members of the Sheriff's Department applied for and obtained
14 a search warrant for the residence of Amon Ra at 303 N. 2nd Street in Sierra Vista, Arizona.
15 The search warrant listed and described Amon Ra and included a light blue vehicle
16 displaying Arizona license plate "TRU2IT." DSOF, Ex. 4. While en route to execute the
17 search warrant on Amon Ra's residence, Smith spotted a light blue vehicle matching the
18 description in the warrant. *Id*. Another officer stopped the vehicle in the Dollar Store parking
19 lot on Fry Boulevard and took Amon Ra into custody before transporting him to jail and
20 booking him. *Id*. After Amon Ra was booked into jail, the search warrant was executed and
21 Amon Ra's residence was searched. *Id.* Amon Ra in an affidavit asserts that he subsequently
22 learned that the SWAT officers executing the search warrant had entered the premises in a
23 very violent and aggressive manner and had broken the door and windows of cars on the
24 premises. (Doc. 141). Subsequently, Amon Ra filed the instant claim against the Sheriff's
25 Department and specified members of that Department (collectively "Defendants").

26 On March 4, 2009 the Court issued an Order granting in part and denying in part
27 Defendant's Motion to Dismiss the Fourth Amended Complaint (Doc. 88). Amon Ra
28 appealed the Order to the Ninth Circuit Court of Appeals which affirmed in part and reversed

in part (Doc. 117). The Ninth Circuit determined that Amon Ra's Fourth Amendment excessive force claim against Cochise County Defendants was not properly dismissed; the matter was remanded for further proceedings (Doc. 117).

Subsequently, at the October 11, 2011, status conference with this Court, Defendants and Amon Ra agreed that the Ninth Circuit remanded the case with regard to a Fourth Amendment excessive force claim. (Doc. 120). Further, Amon Ra conceded during oral argument regarding the pending Motion for Summary Judgment that the allegations regarding the vehicle stop on April 5, 2005 were not pending before this Court.

*Summary Judgment Standard*

Summary judgment may be granted if the movant shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The moving party has the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "set forth specific facts showing that there is a genuine [material] issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), internal quotes omitted. The nonmoving party must demonstrate a dispute "over facts that might affect the outcome of the suit under the governing law" to preclude entry of summary judgment. *Id.* The dispute over material facts must be genuine. *Id.* A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A party opposing a properly supported summary judgment motion must set forth specific facts demonstrating a genuine issue for trial. *Id.* Mere allegation and speculation are not sufficient to create a factual dispute for purposes of summary judgment. *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) (per curiam). A conclusory, self-serving

1 affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a
2 genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993);
3 *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).

4 Additionally, the Court is only to consider admissible evidence. *Moran v. Selig*, 447
5 F.3d 748, 759-60 (9th Cir. 2006) (pleading and opposition must be verified to constitute
6 opposing affidavits); *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991)
7 (declarations and other evidence that would not be admissible may be stricken).

9 *Evidence Considered by the Court*

10 Defendants have moved to strike portions of Amon Ra's affidavit (Doc. 141),
11 specifically paragraphs 2, 8, 9, 11, and 14, on the grounds that those portions are not based
12 on personal knowledge or are otherwise inadmissible. (Doc. 144)  In his response, Amon Ra
13 asserts that his affidavit is completely based on personal knowledge.  (Doc. 145)

14 Paragraph 2, which states in part "[. . .] there is a history of Defendants and other
15 members of law enforcement [. . .] harassing me and wrongfully accusing me" (Doc. 141)
16 will be struck as inadmissible.  Amon Ra provides no foundation for this statement.  *See e.g.*
17 *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) ("[C]onclusory affidavits that do not
18 affirmatively show personal knowledge of specific facts are insufficient.").[1]

19 Paragraphs 8 and 9 of Amon Ra's affidavit do not state the basis for knowing that
20 officers had searched the residence and that officers had trashed the residence.  However, it
21 is a reasonable inference that officers searched and trashed the residence.  Further, these
22 paragraphs include Amon Ra's reaction and specified that there was damage to the front door
23 of the residence.  The Court does not find it appropriate to strike these paragraphs of the
24 affidavit.

---

26 [1]Moreover, Fed.R.Evid. 404 states that "evidence of a person's character or a trait is
27 not admissible for the purpose of proving action in conformity therewith on a particular
occasion."  It is not clear that the conduct alleged in paragraph 2 would be admissible
28 because, even assuming foundation, this conduct is evidence of "other acts."

- 4 -

1  The last two paragraphs addressed in Defendant's Motion to Strike, 11 and 14, will
2 be struck because they are not based on personal knowledge.  An affidavit or declaration
3 used to support or oppose a motion for summary judgment must be made on personal
4 knowledge. Fed.R.Civ.P. 56.  Amon Ra concedes that he was not home during the execution
5 of the search warrant and, therefore, could not personally know that officers entered his home
6 on September 8th; paragraph 11 shall be struck. In paragraph 14, Amon Ra plainly states "I
7 subsequently learned ..." (Doc. 141).  This conclusory statement does not affirmatively show
8 personal knowledge of specific facts.  *See Shakur*, 514 F.3d at 890; *Taylor v. List*, 880 F.2d
9 1040, 1045 n. 3 (9th Cir. 1989) (A declaration that is not based on personal knowledge, but
10 on information and belief does not raise a triable issue of fact.).  Regardless of the content
11 of the paragraph that follows, the concession that the knowledge was learned subsequent to
12 its occurrence shows that Amon Ra does not have personal knowledge of the manner in
13 which the officers executed the search warrant. Accordingly, paragraph 14 of Amon Ra's
14 affidavit shall be struck.
15  The Court finds it appropriate to grant Defendant's Motion to Strike in part.
16  The Court must also address Amon Ra's failure to include a controverting statement
17 of facts. Local Rule 56.1(b) states that:

> any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed.

LRCiv 56.1.  Further, 56.1(b) goes on to state that "each numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts must, unless otherwise ordered, be deemed admitted for purpose of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts. LRCiv 56.1.  Because Amon Ra has failed to include a controverting statement of facts, the Court finds it appropriate to generally adopt the Defendant's statement of facts as admitted and undisputed for purposes of the Motion for

Summary Judgment. The Court, however, will still consider the admissible portions of Amon Ra's affidavit.

*April 5, 2005 Incident Regarding Vehicle*

In Amon Ra's Opposition to Defendant's Motion for Summary Judgment, Amon Ra discusses an incident with the officers while Amon Ra was in his vehicle on April 5, 2005. Consideration of a theory asserted after the close of discovery and without move to amend a complaint does not provide the opposing party enough constructive notice and would be unfairly prejudicial. *See Coleman v. Quaker Oats*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("Allowing [plaintiffs] to proceed with their ... theory after the close of discovery would prejudice [defendant]. A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against plaintiff's allegations."). In *Coleman*, the Ninth Circuit upheld the district court's decision to preclude the petitioners from proceeding on a theory that was raised for the first time at summary judgment. Similarly, another court has stated that, "[u]nless a plaintiff includes allegations in his complaint or informs the defendant before the close of discovery of his intent to rely on previously undisclosed allegations, he may not assert them for the first time in opposing summary judgment." *McKinney v. American Airlines, Inc.*, 641 F.Supp.2d 962, 982 (C.D. Cal. 2009). Defendants would be unfairly prejudiced by lack of notice if the Court allowed Amon Ra to proceed on this claim of a constitutional violation because it was not properly asserted before Amon Ra's opposition to summary judgment. Further, Amon Ra conceded during oral argument that this claim was not pending before the Court.

*April 5, 2005 and September 8, 2005 Excessive Force Claims*

Amon Ra is asserting claims under 42 U.S.C. § 1983 which allows claims for constitutional violations. Amon Ra asserts that his Fourth Amendment protection against unreasonable searches and seizures was violated by the excessive force used by Cochise County Defendants during the entry and search of the residence on April 5, 2005 and

- 6 -

1 September 8, 2005.

2 "All claims that law enforcement officers used excessive force – deadly or not – in 3 the course of an arrest, investigatory stop, or other "seizure" of a person should be analyzed 4 under the Fourth Amendment and it's 'reasonableness' standard." *Graham v. Connor*, 490 5 U.S. 386, 395 (1989). Determining whether a particular use of force is reasonable requires 6 a factfinder to balance the "nature and quality of the intrusion on the individual's Fourth 7 Amendment interests against the countervailing governmental interests at stake." *Id*. at 396, 8 quoting *United States v. Place*, 462 U.S. 696, 703 (1983). This balance must be "judged 9 from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision 10 of hindsight." *Id*.

11 Furthermore, the manner in which a warrant is executed is subject to later judicial 12 review as to its reasonableness. *Dalia v. United States*, 411 U.S. 238, 258 (1979). Although 13 Defendants assert that Amon Ra does not have standing to challenge the manner in which 14 the search warrants were executed because he was not present when either warrant was 15 executed, unnecessary destruction of property or use of force can render a search 16 unreasonable. *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004) (Excessive force 17 found when officers used flash bang grenades on a dark apartment with 5-8 sleeping people). 18 Regardless of whether a person is seized, a person has a Fourth Amendment right to be free 19 from excessive force during the execution of a search warrant. *Id*. Seizures of property are 20 subject to Fourth Amendment scrutiny even though no search within the meaning of the 21 Amendment has taken place. *Soldal v. Cook County*, 113 S.Ct. 538, 546 (1992). A seizure 22 of property occurs, within the meaning of the Fourth Amendment, when "there is some 23 meaningful interference with an individual's possessory interests in that property." *United* 24 *States v. Jacobsen*, 466 U.S. 109, 113 (1984). The destruction of property is "meaningful 25 interference" constituting a seizure under the Fourth Amendment. *Id.* at 124-25; *Bonds v.* 26 *Cox*, 20 F.3d 697, 701-02 (6th Cir. 1994).

27 Defendants state:

28 Fourth Amendment rights are personal rights; they cannot be asserted vicariously.

- 7 -

> [*United States v. Silva*, 247 F.3d 1051, 1059 (9th Cir. 2001)], citing *Rakas*, 439 U.S. at 133-34. In *Silva*, the Ninth Circuit Court of Appeals noted that it need not address the question of whether the execution of the search warrant at the claimant's home was reasonable, because the claimant was in prison at the time of the search and thus lacked standing to challenge its execution. 247 F.3d at 1058. In this case, like Silva, Ra was not present during the execution of either search warrant; he thus lacks standing to even challenge the manner in which either of them were executed.

Motion (Doc. 127), pp. 4-5. However, the issue in *Silva* was a challenge to the officers' failure to knock and announce or present the warrant. Defendants' expansion of the principle to all Fourth Amendment claims fails to acknowledge that claims regarding an unnecessary destruction of property or use of force, as presented here, may be asserted without a personal presence.

Defendants' Motion for Summary Judgment also asserts that there are "no genuine issues of material fact and County Defendants are entitled to judgment in their favor as a matter of law." Motion (Doc. 127), p. 2. As the party moving for summary judgment, Defendants have the initial burden of showing that no evidence exists to support the essential elements of Amon Ra's case. However,

> [t]he moving party is not required to support its motion with affidavits or similar materials negating the nonmoving party's claim, but the motion must support the movant's belief in the absence of a genuine issue of material fact. This means that the movant may premise its summary judgment motion on an attack of the opponent's evidence.

1 Fed. Appellate Prac. Guide 9th Cir. 2d § 4:7 (2012), *citations omitted*. Indeed, the Supreme Court has stated:

> *Celotex* made clear that Rule 56 does not require the moving party to negate the elements of the nonmoving party's case; to the contrary, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 885, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), *quoting Celotex*, 477 U.S., at 323, 106 S.Ct., at 2553.

Amon Ra has asserted that excessive force, specifically the aggressive entries and the causing of damage to the premises, was used in the execution of the search warrants. Amon Ra's affidavit attempts to provide factual support for these claims. However, Amon Ra's

- 8 -

1 affidavit does not include any basis for any personal knowledge that any named Defendant
2 aggressively entered the residence or that any named Defendant damaged his house during
3 the execution of the search warrants – Amon Ra was not home at the time of the searches.
4 Amon Ra is implicitly requesting the Court to draw an inference that the damage occurred
5 during the execution of the search warrants and that the named Defendants caused the
6 damage.  However, Amon Ra has not proffered any admissible evidence (e.g. affidavit or
7 deposition testimony of a spouse who was present during the execution of the warrants;
8 photographs of alleged damage) to establish any damage to his property was caused by the
9 named Defendants either personally or otherwise during the search. *See e.g. Boyd*, 374 F.3d
10 at 780 ("integral participation" by officer, rather than a mere bystander, is a predicate to
11 liability).  Similarly, the affidavits submitted in support of the Defendants' Motion for
12 Summary Judgment do not establish which of the named Defendants participated in the
13 execution of the search warrants.  Although the affidavits of Genz and Smith indicate they
14 were present at the residence during the execution of the search warrants, there is simply
15 insufficient evidence before the Court to infer that they were integral participants.  Rather,
16 as to the April 5, 2005 search, the only admissible evidence before the Court on this issue is
17 that Genz was present when the search warrant was executed – it is not known if Genz even
18 entered the residence.  Similarly, the only admissible evidence before the Court on this issue
19 as to the September 8, 2005 search is that Smith obtained the search warrant and that the
20 warrant was executed.

21 Although Amon Ra correctly asserts that he can state a claim regarding the excessive
22 force used during the execution of the warrant, *see* Reponse (Doc. 140), he has not presented
23 any admissible evidence to defeat summary judgment.  In considering "whatever is before
24 the [Court,]" *Lujan*, 497 U.S. at 885, the Court also recognizes that Defendants argued in
25 their Reply that there is "no evidence that any of the individually named Defendants had
26 anything whatsoever to do with violating Plaintiff's right to be free from excessive force."
27 Reply (Doc. 142), p. 4.  The Court finds that there is simply no admissible evidence to
28 support Amon Ra's claim for excessive force against the Defendants stemming from the

1 execution of the search warrants on April 5, 2005 and September 8, 2005.  Therefore, there
2 is no genuine dispute as to any material fact.  Admissible evidence could have included an
3 affidavit or deposition testimony from Amon Ra's spouse, who purportedly was present
4 during the execution of the warrant on September 8, 2005 (*see* Doc. 141), or the officers who
5 executed the warrants.  This Court is aware that "[s]ummary judgment ... in excessive force
6 cases should only be granted sparingly." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002).
7 Summary judgment requires the Court to believe the evidence of the nonmoving party and
8 all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. However,
9 there is simply no admissible evidence before the Court that presents a material issue of fact
10 in dispute that any named Defendant violated Amon Ra's constitutional protection against
11 unreasonable searches and seizures.

12        Accordingly, **IT IS ORDERED**

13        (1) Defendant's Motion to Strike Portions of Plaintiff's Affidavit (Doc. 144) is
14 **GRANTED in part**.  Paragraphs 2, 11, and 14 of the affidavit (Doc. 141) are **STRICKEN**.
15        (2) Defendant's Motion for Summary Judgment (Doc. 127) is **GRANTED**.
16        (3) Summary Judgment is awarded in favor of Defendants and against Plaintiff.
17        (4) The Clerk of the Court shall enter judgment and shall then close its file in this
18 matter.
19        DATED this 28th day of September, 2012.

_____
Cindy K. Jorgenson
United States District Judge